IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JEFFREY A. BIANCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| (1) INDEPENDENT SCHOOL | ) |
| DISTRICT NO. 1 OF TULSA COUNTY | ) |
| a/k/a TULSA PUBLIC SCHOOLS, | ) |
| | ) Case No. 11-CV-636-JHP-FHM |
| (2) MICHELLE BUTLER, individually, | ) |
| | ) |
| (3) KENNY RODREQUEZ, individually, | ) |
| | ) |
| (4) DR. MARVIN H. JETER, III, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are School Defendants' Motion For Separate Trials, or in the Alternative to Sever Certain Claims and Opening Brief in Support,[1] Plaintiff's Response and Objection to School Defendant's Motion for Separate Trials, or in the Alternative, to Sever Certain Claims,[2] and Reply Brief in Support of the School Defendants' Motion For Separate Trials, or in the Alternative to Sever Certain Claims.[3] For the reasons cited herein, Plaintiff's Motion for Separate Trials and Alternative Motion to Sever Certain Claims are **DENIED**.

## BACKGROUND

---

[1] Docket No. 22.

[2] Docket No. 23.

[3] Docket No. 26.

The instant case arises from events leading up to and surrounding Plaintiff's termination from Tulsa Public Schools (TPS) on June 21, 2011.[4] In his state court petition, Plaintiff alleges that the School District terminated him, in violation of Title IX, in retaliation for (1) his October 2010 report of alleged sexual harassment by Defendant Marvin H. Jeter, III, a former School District employee, and his (2) his February 2011 report that another teacher within TPS was sending lewd texts to a student.[5] Plaintiff simultaneously made these reports to the Tulsa Police Department.[6] Plaintiff further alleges multiple causes of action, including Tortious Interference with Contract, Civil Conspiracy, and claims under 42 U.S.C. §1983, against TPS and TPS employees Kenny Rodrequez ("Rodrequez") and Michelle Butler ("Butler").[7] TPS, Rodriquez, and Butler are collectively referred to as the "School District Defendants."[8]

In addition to his allegations against the School District Defendants, Plaintiff alleges Battery as to Defendant Jeter for the actions giving rise to Plaintiff's report of sexual harassment.[9] With this Court's permission, Defendant Jeter has filed a counterclaim in this action, alleging Slander *Per Se* and Defamation against Plaintiff based upon Plaintiff's accusations in the report at issue, accusations

---

[4]*See* Petition at 1, Docket No. 2-1.

[5]*Id.* at 3, ¶¶13-14.

[6]*Id.*

[7]*Id.* at 5-8. Plaintiff has previously dismissed claims against Defendants Keith Ballard, Roberta Ellis, and Kevin Burr. *See* Docket No. 11.

[8]Plaintiff's Petition originally named additional School District Defendants but his claims against those parties were dismissed by stipulation at Docket No. 11.

[9]Petiton at 8.

2

that Jeter "had engaged and would engage in homosexual sex acts with Bianca."[10] In the instant Motion, the School District Defendants seek a separate trial on the tort actions between Plaintiff and Defendant Jeter, or in the alternative, sever the claims of Battery, Slander, and Defamation. Plaintiff and Defendant Jeter object to both separate trials and severance.[11]

## DISCUSSION

The School District Defendants seek either separate trials under Federal Rule of Civil Procedure 42(b), or severance of the state law claims between Plaintiff and Defendant Jeter under Federal Rule of Civil Procedure 21. In this case, those two grounds for relief are essentially redundant, and proceeding under either rule does not impact the Court's analysis: "[a]lthough Rule 21 is procedurally distinct from Rule 42(b), a decision to sever claims or issues under Rule 21 is discretionary and the Court will apply the same standard of review that it would to a request for separate trials under Rule 42(b)."[12] As such, the Court considers the two grounds for relief as a single Motion.

As the Tenth Circuit noted in *York v. Amer. Tel. & Tel. Co.*, the decision to hold separate trials or sever claims rests within the broad discretion of the trial court, but it "must be made with regard to judicial efficiency, judicial resources and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."[13] Only one of the criteria need be met to justify

---

[10] *See* Counterclaims of Defendant Marvin Jeter, Docket No. 19.

[11] *See* Motion at 1, Docket No. 22.

[12] *AG Equip. Co. v. AIG Life Ins. Co.*, 2009 WL 236019, *1 (N.D. Okla. Jan. 29, 2009) (*citing McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993)).

[13] 95 F.3d 948, 958 (10th Cir. 1996)

3

separation.[14]

Although, the School Defendant's make some argument that both convenience and judicial economy will be served by separation of the actions, the main thrust of the School District Defendants' argument is that they will be prejudiced by the inclusion of detailed allegations concerning the dispute between the Plaintiff and Defendant Jeter.[15] In fact, the School District Defendants somewhat undercut their convenience and judicial economy arguments, specifically claiming that:

> "any inconvenience or lack of economy that might flow from a few duplicative witnesses, if any, 'would pale in comparison to the prejudice that would befall' the School Defendants if the issues of whether Jeter 'grabbed Plaintiff's private area,' 'stuck his tongue in Plaintiff's ear,' 'engaged in oral sex with [Plaintiff],' 'engaged in numerous other instances of sexual harassment upon Plaintiff,' 'touch[ed] students in a sexually inappropriate manner' and the like are paraded in front of the same jury charged with the duty of resolving the relatively straightforward Discharge Claims. These issues and the evidence related to them have absolutely nothing to do with the Discharge Claims and the School Defendants' defenses thereto."

Contrary to the School District Defendant's argument, the issues and evidence related to the tort claims between Plaintiff and Defendant Jeter have everything to do with Plaintiff's retaliatory discharge claims. Proof of Plaintiff's retaliatory discharge claim is contingent on showing that his firing was in retaliation for his reports of misconduct. The bulk of the salacious allegations above form the foundation of Plaintiff's retaliation claim, as they represent the content of those report and the embarrassing nature of the misconduct reported. Evidence of the allegations against Jeter may serve to illuminate the motivation of the District for the alleged retaliation, and will more than likely

---

[14]*Saxion v. Titan-C-Manufacturing, Inc*., 86 F.3d 553, 556 (6th Cir. 1996).

[15]*See* Motion at 8, Docket No. 22 ("Although a court is justified in ordering separate trials when doing so will avoid prejudice, make the proceedings more convenient, or promote judicial economy, in this case separate trials would accomplish all three").

be material to any jury decision on the retaliation claim. In addition, the School District Defendants may in fact be prejudiced by separating these claims. Should a jury find that Plaintiff's report against Jeter was false and/or defamatory, Plaintiff's case for retaliatory discharge based on a good faith report is all but eliminated.

Ultimately, when analyzing the prejudice prong the Court must decide whether failing to provide separate trials would result in *undue* prejudice for any of the parties.[16] Here, separating the actions could potentially result in some prejudice to the School District Defendants if the jury were to impute Jeter's alleged misdeeds to the District. However, much of this potential for prejudice is mitigated by the fact that the parties will be distinctly separate before the jury, with separate attorneys and separate argument. Any further potential for prejudice to the School District Defendants, or any chance of jury confusion, can be adequately addressed by careful and appropriate cautionary instructions.[17] On the other hand, separating the trials could certainly prejudice Plaintiff's ability to present a well-supported case as to the District's possible motives for retaliation. Rather than demonstrating that undue prejudice would be created by prosecuting this litigation in a single proceeding, the parties have shown that prejudice may be created by separation.

Further, considering the overlap of witnesses and evidence; the potential cost in both time and money to Plaintiff should he be forced to pursue a separate action against Jeter; and the

---

[16]*Cf. Monaghan v. SZS 33 Associates, L.P.*, 827 F.Supp. 233, 246 (S.D.N.Y.,1993) ("[Defendants] have failed to overcome the fundamental presumption which favors the trial of all issues to a single jury and underlies the assumption of Rule 42(b) that bifurcation . . . is reserved for truly extraordinary situations of *undue* prejudice") (*emphasis added*) (*citing Buscemi v. Pepsico, Inc.*,736 F.Supp. 1267, 1271 (S.D.N.Y.1990)).

[17]*See Spulak v. K-Mart* Corp,894 F.2d 1150, 1157 (10th Cir.1990) (holding in case where evidence of IIED and ADEA claims overlap, assumption jury followed explicit instruction regarding elements of ADEA claim defeats any presumption of prejudice).

consistently full docket of this Court, the Court finds that both convenience and judicial economy will be best served by a single proceeding on these issues. Consequently, the School District Defendants have failed to demonstrate that any of the *York* factors weigh in favor of separate trials.

## CONCLUSION

For the reasons cited herein, School District Defendants' Motion For Separate Trials, or in the Alternative to Sever Certain Claims and Opening Brief in Support is **DENIED**.[18]

IT IS SO ORDERED this 19th day of June, 2012.

*James H. Payne*
United States District Judge
Northern District of Oklahoma

---

[18] Docket No. 22.